IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMMY HESTERBERG                                                  PLAINTIFF

v.                                Case No. 5:14-CV-05382

TYSON FOODS, INC.                                          DEFENDANT

**OPINION AND ORDER**

Before the Court are the following motions:

- Defendant Tyson Foods, Inc.'s ("Tyson") motion for summary judgment (Doc. 34);

- Tyson's amended motion for summary judgment (Doc. 38);

- Tyson's motion for leave to file second amended answer (Doc. 47); and

- Tyson's amended motion to supplement its original motion for summary judgment (Doc. 52).

Also before the Court are Plaintiff Tammy Hesterberg's responses to certain of these motions, as well as various documents in support of each party's positions.

The Court first finds that Tyson's amended motion for summary judgment (Doc. 38) should be TERMINATED as improperly filed. The motion appears to be identical to the original motion and, therefore, redundant. As the motion does not appear to seek any actual amendment to the original motion, it is unclear to the Court why the motion was filed. In the future, counsel should file a "motion to amend" and clarify what counsel seeks to amend instead of leaving that search process to opposing counsel and the Court. In any event, the Court will treat the originally filed motion (Doc. 34) as the operative motion for summary judgment.[1] For the reasons set forth below, Tyson's original motion for summary judgment (Doc. 34) will be

---

[1] The Court also notes that the amended motion was filed after the deadline for the filing of dispositive motions set by the Court in its final scheduling order (Doc. 12).

GRANTED IN PART and DENIED IN PART, and Tyson's motion for leave to file a second amended answer (Doc. 47) will be DENIED.

Tyson also filed two motions to supplement its original motion for summary judgment. The motion to supplement motion for summary judgment (Doc. 50) and amended motion (Doc. 52) appear to the Court to be exactly the same. The original motion was terminated by the Clerk as an administrative matter in light of the filing of the amended motion. It is, again, unclear why the redundant motion was filed. In any event, the supplementary information Tyson seeks to provide would not change the Court's analysis of the pending motion for summary judgment. It appears that Tyson takes issue with certain evidence that Ms. Hesterberg intends to introduce at trial as to damages on her Equal Pay Act claim. This does not affect the underlying analysis as to whether one or more fact issues exist as to the merits of that claim. Tyson's motion to supplement (Doc. 52) will therefore be DENIED.

**I.     Background**

Tammy Hesterberg was hired by Tyson in March 2007, at the age of 46, as "Director of Value Added." Hesterberg reported to Wes Morris, Senior Vice President Global Wal-Mart Team, from April 2007 to September 2008. In September 2008, Morris's job responsibilities changed, and Hesterberg began reporting to Paul Davis, who was assigned to a new position—"Vice President Customer Development—Walmart". Davis, in turn, reported to Scott Rouse, Senior Vice President of Customer Development. Hesterberg reported to Davis from September 2008 until her termination on August 29, 2014. Hesterberg held three different director positions under Davis. Her initial position was Director of Value Added—Walmart. In December 2010 she became Director of Sam's—Walmart. She was on a leave of absence from June 28, 2011 until September 27, 2011. Upon her return from leave, she became Walmart Customer

Development Director International—Walmart, Inc., Export Sales. Tyson alleges Hesterberg's position was eliminated due to the sale of Tyson's operations in Mexico and Brazil in July 2014. Prior to the elimination of Hesterberg's position, a total of six directors reported to Mr. Davis—Hesterberg and five male directors.

Rouse testified that Hesterberg's position was eliminated because Tyson's business "with Mexico/Brazil with Walmart at that point without in-country production, we didn't feel it was the big opportunity that we once felt it was." (Doc. 34-6, pp. 10-11). Davis was somewhat equivocal in his testimony about the link between the sale of facilities in Mexico and Brazil to the termination of Hesterberg's position. (*See, e.g.*, Doc. 34-1, pp. 5-6). But Davis indicated that the potential for exporting product to Brazil and Mexico was diminished without having "in-country" teams in place. (Doc. 34-1, p. 7). Rouse specifically testified that Hesterberg's performance with Tyson "was not a part of the decision." *Id*. at p. 19. On July 22, 2014, Rouse submitted Hesterberg's and others' positions for elimination to his manager, Devin Cole, Chief Commercial Officer. Hesterberg's position was terminated on August 29, 2014. She was the only director working under Davis or Rouse to be terminated.

Tyson has not had a "Director of Customer Development International—Walmart" since Hesterberg was terminated. Following the elimination of Hesterberg's position, Tyson alleges that Jim Widmer, Director of Raw Poultry—Walmart, assumed many of Hesterberg's responsibilities.

Hesterberg filed a charge of discrimination with the EEOC on December 10, 2014, alleging she was terminated by Tyson based on her age and sex. The EEOC issued a Dismissal and Notice of Rights dated January 15, 2015 (Doc. 7-1).

## II.     Legal Standard for Summary Judgment

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001) (quotation omitted). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party." *Id*. at 656–57.

A plaintiff in an employment discrimination case survives a motion for summary judgment "either by providing direct evidence of discrimination or by creating an inference of unlawful discrimination" using circumstantial evidence. *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 953 (8th Cir. 2012). When a plaintiff presents no direct evidence to support a claim of discrimination, the claim is analyzed under the burden shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id*. Hesterberg's response to the motion for summary judgment cites to no direct evidence of unlawful discrimination, so the Court must go through the analysis called for by *McDonnell Douglas*. Under this framework, the plaintiff must first present a prima facie case of employment discrimination. *Ramlet v. E.F. Johnson Co.,* 507

4

F.3d 1149, 1153 (8th Cir. 2007). Once the plaintiff has established a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Id.*; *McDonnell Douglas Corp.*, 411 U.S. at 802. The plaintiff must then demonstrate that the defendant's proffered reason is a pretext for unlawful discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507–08 (1993); *Miners v. Cargill Comms., Inc.*, 113 F.3d 820, 823 (8th Cir. 1997). To demonstrate pretext, the plaintiff must offer sufficient evidence for a reasonable trier of fact to infer discrimination. *Lors v. Dean,* 595 F.3d 831, 834 (8th Cir. 2010). However, "the evidence produced to show a prima facie case and the 'inferences drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual.'" *Miners*, 113 F.3d at 823 (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 255 n. 10 (1981). Although the burden of production shifts between the parties, the burden of persuasion remains on the plaintiff at all times. *Fatemi v. White*, 775 F.3d 1022, 1041 (8th Cir. 2015).

**III.   Analysis**

Hesterberg claims that (1) her termination from Tyson was the result of unlawful discrimination based on her sex in violation of Title VII of the 1964 Civil Rights Act, as amended (42 U.S.C. § 2000e-2) and the Arkansas Civil Rights Act (Ark. Code Ann. § 16-123-107);[2] (2) her termination from Tyson was the result of unlawful discrimination based on her age in violation of the Age Discrimination in Employment Act (29 U.S.C. § 621 *et. seq.*); and (3)

---

[2] Arkansas evaluates ACRA sex discrimination cases using the same analytical framework courts use to evaluate Title VII sex discrimination cases. *See Greenlee v. J.B. Hunt Transp. Servs.*, 342 S.W.3d 274, 277–79 (Ark. 2009); *see also Brodie v. City of Jonesboro*, 2012 WL 90016, *2 (Ark. Jan. 12, 2012) (unreported) ("This court has previously applied the *McDonnell Douglas* framework in reviewing the grant of a summary-judgment motion in an employment-discrimination case, . . . and Brodie fails to provide convincing argument that would cause us to reconsider our use of the framework." (citation omitted)).

Tyson violated the Equal Pay Act (29 U.S.C. § 206(d)(1)) by awarding larger percentage raises and larger annual bonuses to similarly situated males. Tyson argues that it is entitled to summary judgment as to each claim. The Court will address each in turn.

### A.     Sex Discrimination

To establish a *prima facie* case of unlawful sex discrimination under Title VII a plaintiff must show that: "1) she is a member of a protected group; 2) she was qualified for her position; 3) she suffered an adverse employment action; and 4) she was discharged under circumstances giving rise to an inference of discrimination." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011). In establishing a prima facie case, "the plaintiff's burden 'is not onerous.'" *McGinnis v. Union Pac. R.R.*, 496 F.3d 868, 873 (8th Cir. 2007) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). In a reduction-in-force ("RIF") case, a plaintiff must come forward with "some additional evidence" that her sex played a role in her termination. *Hesse v. Avis Rent A Car Sys., Inc.*, 394 F.3d 624, 631 (8th Cir. 2005); *Chambers v. Metro. Prop. and Cas. Ins.*, 351 F.3d 848, 856 (8th Cir. 2003); *Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 483-84 (8th Cir. 1997).

Tyson does not dispute that Hesterberg has satisfied the first three elements of establishing a *prima facie* case: (1) she is female; (2) her performance was not an issue; and (3) she was terminated. Tyson argues, however, that Hesterberg cannot show that similarly situated males were treated differently because each male director that might otherwise have been a comparator had different responsibilities than Hesterberg. Tyson's position is that Hesterberg cannot therefore show that she was similarly situated to the male directors in regard to the elimination of her position following the sale of Tyson's operations in Mexico and Brazil. Making a showing that Hesterberg was treated less favorably than similarly situated employees

who were not in her protected class is just one way, however, that she can establish an inference of discrimination at the *prima facie* stage. *Wierman*, 638 F.3d at 993-94. An inference of discrimination arises "when it is more likely than not that the employer's actions were based on unlawful discrimination." *Id*. at 993.

Tyson argues that Rouse eliminated a total of 11 positions at the time Hesterberg's position was eliminated: two of those eleven positions did not have incumbents, two were held by females, and seven were held by males. Tyson alleges that Hesterberg was the only person to ever hold her position—no one was hired to replace her—and what remained of her duties were assumed by Jim Widmer in addition to his existing duties as Director Raw Poultry without increasing his staff.

Hesterberg argues that she was one of only three females (out of 23) in the Rouse group at the time she was fired. She argues that some of her job functions were assumed by males, Jim Widmer and Bill Creighton. Hesterberg alleges that she was the only director from the male-dominated Rouse group fired on August 29, 2014, thus "continu[ing] the downward trend in the number of female directors in the Rouse group that began in 2011." (Doc. 41, p. 10). The Court finds that, viewing the evidence in a light most favorable to Hesterberg, that Hesterberg has established that a reasonable jury may be able to decide in her favor on the discrimination factor of her *prima facie* case. The Court finds there are genuine issues of material fact as to whether conditions existed at Tyson that made it more likely than not that Hesterberg's termination was unlawfully based on her sex. These issues include, but are not limited to:

- Who, if anyone, assumed all duties previously performed by Hesterberg. While Tyson states that some duties were assumed by Widmer, it is unclear who—if anyone—took on other duties previously performed by Hesterberg, or if a similar

7

position was later created that had a different title but similar duties and, if so, whether that position was filled by a male.

Tyson also asserts that, in a reduction-in-force case, a plaintiff must come forward with "some additional evidence" that her sex played a role in her termination to establish a *prima facie* case. *Hesse v. Avis Rent A Car Sys., Inc.*, 394 F.3d 624, 631 (8th Cir. 2005); *Chambers v. Metro. Prop. and Cas. Ins.*, 351 F.3d 848, 856 (8th Cir. 2003); *Herrero v. St. Louis Univ. Hosp.*, 109 F.3d 481, 483-84 (8th Cir. 1997). The Court also finds that there is a genuine dispute of material fact as to this point:

- Whether Hesterberg's termination should appropriately be viewed as a part of a "reduction in force" or was, rather, a more targeted termination.

The burden of production then shifts to Tyson to articulate a legitimate, nondiscriminatory reason for Hesterberg's termination. If Tyson offers a legitimate, nondiscriminatory reason for Hesterberg's termination, it rebuts the prima facie presumption. *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 259 (8th Cir. 1996). Tyson argues that Hesterberg's termination was ultimately the result of a business decision to sell its operations in Mexico and Brazil and resulting reduction in force related to that sale.

Because Tyson articulated an arguably legitimate, nondiscriminatory reason for Hesterberg's termination, the burden shifts again to Hesterberg to produce evidence that Tyson's articulated reason for her dismissal was pretext for unlawful discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515–16 (1993) (holding it is not enough that a plaintiff show that an employer's stated reasons were pretextual, but the plaintiff must also show that the underlying reason was unlawful discrimination); *EEOC v. Kohler Co.*, 335 F.3d 766, 773 (8th Cir. 2003) ("If a defendant makes this showing [by presenting evidence of a legitimate, non-

retaliatory reason for the adverse action], the plaintiff must then establish that the defendant's proffered reason was pretext and that [unlawful discrimination] was a motivating reason for the defendant's decision."). Hesterberg can show that Tyson's reason was pretext for unlawful discrimination by "showing the proffered explanation has no basis in fact" or "directly persuad[ing] the court that a prohibited reason more likely motivated" Tyson. *Gibson v. Geithner*, 776 F.3d 536, 540 (8th Cir. 2015). To succeed she must produce "more substantial evidence than a prima facie case because unlike evidence establishing a prima facie case, evidence of pretext is viewed in light of the employer's justification." *Id.* (quotations, punctuation, and bracketed material omitted).

At this stage the Court again finds there are genuine disputes of material fact that must be reserved for a jury. Hesterberg argues that the selling of Tyson's operations in Mexico and Brazil had no relation to her job and cannot logically account for the termination of her position. Tyson has consistently pointed to the sale of the Mexico and Brazil operations as the reason for the termination of Hesterberg's position, but has not adequately explained the link between those sales and the termination. Hesterberg also questions whether Davis and Rouse even knew about the sale before submitting her name for termination on July 22, 2014. Furthermore, the sale of the facilities in Mexico did not actually occur until around a year after the announcement was made. The inadequate explanation as to the link between the sales of operations in Mexico and Brazil and the termination of Hesterberg's position combined with the fact that Hesterberg was the only female director on Davis's team and one of only three in the Rouse group at the time of her termination gives rise to a genuine issue of material fact as to whether Tyson's articulated reason for Hesterberg's termination was pretext for unlawful discrimination and whether the fact that Hesterberg was female was a motivating factor in her termination.

**B.     Age Discrimination**

To establish a *prima facie* case of age discrimination, Hesterberg must show that (1) she is 40 years or older, (2) she was qualified for her job, (3) she suffered an adverse employment action, and (4) age was a factor in the employer's decision to terminate her. *Tramp v. Assoc. Underwriters, Inc.*, 768 F.3d 793, 800 (8th Cir. 2014). Again, only the fourth element is disputed. "At all times, [Hesterberg] retains the burden of persuasion to prove that age was the 'but-for' cause of the termination." *Id.* (quotation omitted).

Hesterberg was 46 years old at the time she was hired with Tyson and 54 at the time of her termination. All six of the directors working under Paul Davis were over 40 years of age; three were over fifty. Hesterberg was the oldest of the six directors by approximately one year. The decision-makers involved in terminating Hesterberg, Rouse and Davis, were 51 and 55 years of age, respectively. No one directly replaced Hesterberg, but at least one person who assumed some of her duties, Jim Widmer, was 46 years of age. Hesterberg argues, however, that all of the directors fired during Tyson's reduction in force were over the age of 40 and that none of the 45 directors under the age of 40 were fired. In making this argument Hesterberg compares herself to 337 directors who were employed by Tyson on August 29, 2014—not just those working for the decision-makers in her case, Davis and Rouse. Furthermore, the fact that 292 of the 337 directors working for Tyson at the time of Hesterberg's termination—and all six of those working for Davis—were over 40, tends to refute any argument that Hesterberg has that her age was a factor in the decision to terminate her. Hesterberg comes forward with no other evidence that her age was a factor, and the Court finds that there is no genuine dispute as to any material fact in regard to the fourth factor Hesterberg was required to show in establishing an age discrimination claim. Tyson is entitled to summary judgment as to that claim.

### C. Equal Pay Act

To establish a claim under the Equal Pay Act, Hesterberg must show by a preponderance of the evidence that (1) she was paid less than a male employed in the same establishment, (2) for work on jobs requiring skill, effort, and responsibility, (3) which were performed under similar working conditions. *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1029–30 (8th Cir. 2002) (citation omitted). If Hesterberg establishes a *prima facie* case, the burden shifts to Tyson to prove any affirmative defense. *Brown v. Fred's Inc.*, 494 F.3d 736, 740 (8th Cir. 2007).

As to the merits, Tyson argues that Plaintiff was actually paid more in total compensation than the majority of male directors in the Rouse group. Tyson further argues that any difference in pay between Hesterberg and other directors was based on factors other than sex, which is a statutory defense to claims of a violation of the Equal Pay Act. 29 U.S.C. § 206(d). Tyson states that the total annual compensation of its employees "is based on three factors: starting salary, merit increases (usually each year) to the starting salary, and an annual performance incentive payment, commonly referred to as a bonus." (Doc. 36, p. 7). Davis and other Vice Presidents reporting to Rouse were responsible for awarding merit raises pursuant to certain company guidelines that directed decision makers to allocate their merit increase pools based on individual performance. Bonuses were likewise to be based on individuals' performances.

"An employer will be entitled to summary judgment if it proves that any pay differential is explained by a statutory affirmative defense, such as a merit system or a factor other than sex. A merit system must be known to employees, must not be based on sex, and must be an organized and structured procedure whereby employees are evaluated systematically according to predetermined criteria." *Price v. N. States Power Co.*, 664 F.3d 1186, 1193 (8th Cir. 2011)

(internal citation and quotation omitted). Tyson argues that individual performance was evaluated annually during a "TEAMS review" process, and that such reviews were conducted according to predetermined criteria unrelated to the sex of the person being evaluated. Tyson argues that the higher bonuses or percentage raises received for certain other male directors in the relevant years are accounted for by factors other than sex, specifically, higher target bonus percentages and better performance ratings on the TEAMS reviews.

Hesterberg argues that Paul Davis has total discretion over the amount of bonuses paid and percentage raises given to Hesterberg and her male director counterparts, and that the decisions regarding the amount of annual bonuses or percentage raises were largely subjective. Hesterberg argues that her lower bonuses and percentage raises in the years in question (2011, 2012, and 2013) were ultimately the result of males being treated more favorably.

The Court finds that there are genuine disputes of material fact that prevent the granting of summary judgment on this claim. These disputes include but are not limited to:

- Whether Hesterberg and any proposed male comparators performed their jobs under similar working conditions as required by the Equal Pay Act;
- Whether the merit system that Tyson had in place for allocating bonuses and raises was known to employees, organized, structured, and resulted in employees being evaluated systematically according to predetermined criteria; and
- Assuming Tyson did have an appropriate merit-evaluation system in place, whether the decision-makers in Hesterberg's case, Davis and Rouse, followed that system appropriately and in a non-discriminatory fashion in making the decision to terminate Hesterberg's position.

The Court reserves the legal question as to whether a plaintiff may properly have a claim

under the Equal Pay Act for components of compensation as opposed to total compensation, although the letter and spirit of the Equal Pay Act would tend to support a finding that the statute could allow for claims of differences in bonuses or percentage pay raises based on sex. Otherwise, employers could easily circumvent the Equal Pay Act by relying substantially on bonuses to compensate employees.

**D.     Motion to Amend Answer**

In its original answer (Doc. 9, ¶ 48) and amended answer (Doc. 16, ¶ 48), Tyson pleaded affirmatively that "any differences between plaintiff's compensation and the compensation of others were based on legitimate, nondiscriminatory factors, and were not based on gender." The Court finds that this is sufficient to plead a statutory affirmative defense to a violation of the Equal Pay Act that any payment differential was based on a factor other than sex. No further amendment is necessary. Tyson's motion for leave to file second amended answer (Doc. 47) will therefore be DENIED.

**IV.     Conclusion**

For all of the reasons set forth above, IT IS ORDERED that Tyson's amended motion for summary judgment (Doc. 38) should be TERMINATED as improperly filed.

IT IS FURTHER ORDERED that Tyson's original motion for summary judgment (Doc. 34) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as Hesterberg's claim under the Age Discrimination in Employment Act is DISMISSED. The motion is DENIED in all other respects.

IT IS FURTHER ORDERED that Tyson's motion for leave to file second amended answer (Doc. 47) is DENIED.

IT IS FURTHER ORDERED that Tyson's motion to supplement its motion for summary judgment (Doc. 52) is DENIED.

IT IS SO ORDERED this 5th day of February, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE