IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMMY HESTERBERG                                                                                PLAINTIFF

v.                                          Case No. 5:14-CV-05382

TYSON FOODS, INC.                                                                              DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant Tyson Foods, Inc.'s ("Tyson") first motion in limine (Doc. 55) and motion for protective order (Doc. 57), as well as Plaintiff Tammy Hesterberg's responses (Docs. 67 and 69) and supporting documents.

In its first motion in limine, Tyson moves the Court to find that its Chief Executive Officer, Donnie Smith, not be required to testify at trial. Tyson argues that any testimony by Smith would duplicative of other evidence available to Hesterberg or would otherwise not be relevant to any triable issue. The Court agrees. In her responses to Tyson's motions, Hesterberg indicates that Smith would be called to testify about: (1) general corporate tenants; (2) an email Smith sent in 2012 that appears to be irrelevant to the issues of this case; (3) public press releases that could otherwise be introduced (to the extent they are admissible) absent Mr. Smith's testimony; (4) Smith's knowledge of the impact of the sale of the Mexico and Brazil facilities on jobs at Tyson, which would be irrelevant, as Smith was not a decision maker in Hesterberg's termination; (5) the timing of the actual sale of the Mexico facilities, which information could be introduced through means other than the testimony of Smith; and (6) a meeting that occurred between Smith and Hesterberg that occurred in 2011, which does not appear to be relevant to any triable issue in this case.

[1]

It is clear from the record that Smith was not a decision maker with respect to the decision to fire Hesterberg on August 29, 2014, and has no personal knowledge regarding her termination. It also does not appear that Smith played any role in determining Hesterberg's bonus payments or percentage raises in the relevant years and so has no personal knowledge relevant to Hesterberg's Equal Pay Act claim.

IT IS THEREFORE ORDERED that Tyson's motion in limine to preclude Smith's testimony at trial is GRANTED.

IT IS FURTHER ORDERED that Tyson's motion for protective order is DENIED AS MOOT in light of the Court's ruling on the motion in limine. Any subpoena that Plaintiff may have issued to Mr. Smith will be QUASHED as a result of the ruling on the motion in limine.

IT IS SO ORDERED this 12th day of February, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE